IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Alonso Littles, Jr., | Case No.: 1:24-cv-03327-JD-SVH |
| Plaintiff, | |
| vs. | |
| Captain Allyson Days, Major Waddell Coe; and Sheriff James Hudson, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 25.) Plaintiff Dwight Alonzo Littles ("Plaintiff" or "Littles"), proceeding *pro se*, alleges Defendants Captain Allyson Days, Major Waddell Coe, and Sheriff James Hudson (collectively "Defendants") violated his First, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. (DE 11.)

Plaintiff's amended complaint alleges the following facts, "Major Coe and Capt. Days are forcing [him] and every other inmate to live in tremendous amounts of filth and will not allow [him] the necessities to clean [their] cells." (*Id*. at 4-5.) Plaintiff also alleges that his "prayer rug and Quran were taken away" from him and are being held "at the front of the jail." (*Id.*) He alleges that he has had these issues "for over a

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

month" and that he has "gotten sick and [he] usually don't get sick often." (*Id.* at 7-8.)

Before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (DE 20). As Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response by October 21, 2024. (DE 22.)

On October 30, 2024, the Court's October 21, 2024, *Roseboro* order was returned as undeliverable, with a mark on the envelope indicating the recipient was no longer detained at Darlington County Detention Center. (DE 24.) Plaintiff has previously been warned that failure to keep the Court advised of any change of address may result in his case being dismissed. (DE 7, 15.) Plaintiff has failed to keep the Court apprised of his address, and as a result, neither the Court nor the Defendants have any means of contacting him concerning his case.

The Report was issued on November 1, 2024, recommending that Plaintiff's action be dismissed, with prejudice, in accordance with Fed. R. Civ. P. 41(b). (DE 25.) Plaintiff did not object to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 25) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice in accordance with Fed. R. Civ. P. 41(b), and Defendants' Motion to Dismiss (DE 20) is moot.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 8, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.